UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CENTER FOR CONSTITUTIONAL
RIGHTS; DETENTION WATCH
NETWORK; and HAITIAN BRIDGE
ALLIANCE,

                              Plaintiffs,

                - v -

UNITED STATES DEPARTMENT OF
DEFENSE; UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT; UNITED STATES
CUSTOMS AND BORDER PROTECTION;
UNITED STATES DEPARTMENT OF
STATE; and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES,

                              Defendants.

**DECLARATION OF RICHARD R. STRONG**

No. 25 Civ. 6214 (RWL)

Pursuant to 28 U.S.C. § 1746, I, Richard Strong, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge.

1.      I am the Director of the Freedom of Information Act (FOIA) and Privacy Program Office, which reports to the Director, Navy Staff (DNS-H), Office of the Chief of Naval Operations (OPNAV).

2.      I have served in this position since March of 2023.  Prior to this, I was a Team Lead for the Office of the Secretary of Defense/Joint Staff FOIA Requester Service Center. Prior to that I was the Deputy at DNS-H for five years.  In total, I have 11 years of experience processing complex FOIA requests.

1

3.      Based on my current position and past experience in DNS-H, I am familiar with the procedures followed by the Department of the Navy (DON) in responding to requests for information pursuant to provisions of FOIA, 5 U.S.C. §552, and the Privacy Act of 1974, 5 U.S.C. §552a. In my current capacity, I administer the policy and programs established pursuant to FOIA and supervise personnel assigned to process FOIA requests. I also review files prepared in conjunction with those requests, the correspondence related to those requests, searches conducted in response to those requests, and the preparation of responses to those requests to ensure that determinations to withhold or to release records are made in accordance with the FOIA and SECNAVINST 5720.42G, "Department of the Navy FOIA Program."

4.      The statements in this declaration are based on my personal knowledge and on information made available to me in the course of my official duties. I have familiarized myself with the procedural history of this civil action (No. 25-cv-6214) and have reviewed the underlying FOIA request (No. 25-F-2337).

5.      The purpose of this declaration is to respond to the Court's Order (ECF No. 47), dated April 15, 2026, which directed the Department of Defense to file declarations explaining the extent to which several components, including the United States Navy, are or are not custodians of records encompassed by the FOIA request at issue.

**United States Navy**

6.      On April 22, 2026, the Department of Defense Office of General Counsel (OGC), in coordination with the U.S. Navy Office of the Judge Advocate General, directed my office to review the FOIA request at issue and determine whether the Navy could be a possible custodian of responsive records.

2

7.     Upon direction of OGC, I conducted a review of the subparts of the request to determine which Navy components could reasonably be tasked to conduct a search for potentially responsive records if they exist. All FOIA requests of this type have previously been referred to U.S. Southern Command (SOUTHCOM) as one of the Department of Defense's 11 unified combatant commands. Within the Department of Defense framework, Joint Task Force-Southern Guard (JTF-SG) is the organization responsible for the mission relating to detainees at the Guantanamo Bay Naval Base, Cuba.

8.     After review of the request, I, along with my senior staff, summarized that if any Navy components were involved, they would be Commander, Navy Region Southeast (CNRSE), as their mission is to sustain naval readiness across the southeastern United States and the Caribbean (and oversee Naval Station Guantanamo Bay); Deputy Chief of Naval Operations for Operations, Plans, and Strategy (OPNAV N3/N5), as their mission is to serve as the principal advisor to the Chief of Naval Operations (CNO) on joint operations and the development of joint strategies, plans, programs, and policies; Office of the Judge Advocate General (OJAG), as their mission is to provide critical legal oversight, policy development, and advice regarding all aspects of military operations, including the handling of detainees; and finally, U.S. Naval Forces Southern Command/Fourth Fleet (NAVSOUTH/C4F), which serves as the naval component command for USSOUTHCOM, with the U.S. 4th Fleet acting as its operational arm.

9.     As such, I directed my staff to task the Subject Matter Experts at the Commander, Navy Region Southeast (CNRSE), the Deputy Chief of Naval Operations for Operations, Plans, and Strategy (OPNAV N3/N5), Office of the Judge Advocate General (OJAG), the U.S. Naval Forces Southern Command/Fourth Fleet (NAVSOUTH/C4F), and the Fleet Readiness Center Southeast (FRCSE) to conduct a search for items #1-9 of the subject request.

10.    OPNAV N3/N5, OJAG, CNRSE, FRCSE, and NAVSOUTH/C4F conducted a search of their shared drives, paper, and email files to locate any potential records, and upon completion of their search, OPNAV N3/N5, OJAG, CNRSE, and FRCSE did not find any records responsive to the request. The NAVSOUTH/C4F office have located records responsive to item #9 of the request only; the number of pages and/or documents are not yet determined as of the date of this filing. I directed the NAVSOUTH/C4F office to conduct a FOIA review of the documents and to provide the documents to our office for a final review and transmission to OGC as soon as practicable.

Date:   Washington D.C.
        May 04, 2026

_R Strong_

Richard R. Strong
Director, SECNAV/CNO
FOIA & Privacy Program Office

4