UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CENTER FOR CONSTITUTIONAL
RIGHTS; DETENTION WATCH
NETWORK; and HAITIAN BRIDGE
ALLIANCE,

                        Plaintiffs,

      v.

UNITED STATES DEPARTMENT OF
DEFENSE; UNITED STATES
DEPARTMENT OF HOMELAND
SECURITY; UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT; UNITED STATES
CUSTOMS AND BORDER PROTECTION;
UNITED STATES DEPARTMENT OF
STATE; and UNITED STATES
CITIZENSHIP AND IMMIGRATION
SERVICES,

            Defendants.

No. 25 Civ. 6214 (RWL)

---

## DECLARATION OF JOSEPH RUZICKA

I, Joseph W. Ruzicka, do hereby declare as follows:

1) I am a colonel in the U.S. Army serving as the Chief of Operations for U.S. Army South (USARSOUTH) since 2025. I currently assist the headquarters with the deactivation operation as USARSOUTH continues to merge with Western Hemisphere Command. Prior to my roles at USARSOUTH, I served as the senior U.S. Advisor to the United Nations mission in Mali, Africa, leading a team of advisors to advance the UN mandate and peace keeping operations. For over 25 years, I have served at various levels of staff and leadership positions in the U.S. Army.

1

2) USARSOUTH is the Army Service Component Command (ASCC) for U.S. Southern Command (SOUTHCOM). USARSOUTH does not operate independently of SOUTHCOM but rather operates as a subordinate unit of SOUTHCOM. Each of the armed forces has a service component of the various combatant commands around the world. These components provide the necessary resources to perform missions and operations on order from the combatant commander. The combatant commanders have senior military oversight throughout their areas of responsibility. USARSOUTH has worked with SOUTHCOM on operations and training exercises throughout my time at the organization. USAROUTH is prepared to form a Joint Task Force Headquarters at the direction of the Combatant Commander and provide critical command and control for operations deemed necessary in the area of responsibility.

3) Based on my current position and experience, I am generally familiar with the records management procedures and practices within USARSOUTH. As such, the statements in this declaration are based on my personal knowledge and on information made available to me in the course of my official duties. I have familiarized myself with the procedural history of this civil action and reviewed the underlying FOIA request (No. 25-F-2337).

4) The purpose of this declaration is to respond to the Court's Order (ECF No. 47), dated April 15, 2026, which directed the Department of Defense to file declarations explaining the extent to which several components, including the United States Army, are or are not custodians of records encompassed by the FOIA request at issue.

**United States Army**

5) I was informed that on April 22, 2026, the Department of Defense Office of General Counsel, in coordination with the U.S. Army Legal Services Agency, contacted our legal

office seeking a declaration on the relationship between USARSOUTH and SOUTHCOM, specifically relating to our 2025 work at Guantanamo Bay, Cuba.

6) In January 2025, USARSOUTH was tasked by SOUTHCOM to assist in a mission regarding persons removed from the United States per Executive Order. At the request of the Department of Homeland Security (DHS), and with the approval of the Department of Defense, USARSOUTH arrived at Naval Station Guantanamo Bay to assist in SOUTHCOM's mission execution.

7) USARSOUTH served only in a support role for this mission by providing personnel to SOUTHCOM, whose mission in turn was to assist DHS. USARSOUTH played no role in determining which individuals were removed from the United States or their treatment while detained. Additionally, White House and national leadership communications about operations do not flow directly to the service component commands. Instead, they flow through the Department of Defense and the Chairman of the Joint Chiefs of Staff to the Combatant Commands, such as SOUTHCOM. At the time of these specific operations, USARSOUTH was given the task to logistically establish infrastructure necessary to temporarily house personnel identified by the U.S. Government to be returned to their host country or other country deemed appropriate. At no time was USARSOUTH involved in the decision-making process on removing personnel. This headquarters provided the resources necessary for DHS and other U.S. Government entities to conduct their operations.

8) Because of the command relationship outlined above, and the fact our operations flow from their orders, SOUTHCOM, and not the Army, is the proper repository for records related to this operation. SOUTHCOM, not USARSOUTH, would retain the official

3

documents that pertain to this operation. The Army writ large likely does not have unique records responsive to the FOIA request at issue.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information, and belief.

Executed this 4th day of May 2026.

JOSEPH W. RUZICKA
Colonel, U.S. Army
USARSOUTH